IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ABNER HAYNES, JR., ID # 1399433,   ) | |
|     Plaintiff,   ) | |
| vs.   ) | No.  3:07-CV-0096-L (BH) |
| ) | ECF |
| DALLAS COUNTY COURT #2, et al.,   ) | Referred to U.S. Magistrate Judge |
|     Defendants.   ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I.  BACKGROUND

On January 16, 2007, the Court received plaintiff's *pro se* civil complaint filed pursuant to 42 U.S.C. § 1983 against various defendants.  He seeks monetary damages and release from imprisonment for alleged acts and/or omissions that have allegedly caused him to twice serve the same sentence of incarceration because he has not been properly credited for time served.[1]  On January 20, 2007, the Court granted plaintiff permission to proceed with this action *in forma pauperis*.  The Court has recently denied plaintiff permission to amend or supplement this action with conditions-of-confinement claims unrelated to the time-credit claims raised in the instant action.  It, nevertheless, accepted a brief and supporting documents from plaintiff which show that he is currently pursuing his time-credit claims through the state habeas process.  No process has been issued in this case.

---

[1] Although plaintiff phrases his claims slightly differently for the various defendants, the essence of each of his claims lies with his allegation that, with proper credit for time served, he has fully served his sentence.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity and an officer or employee of such an entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III.  SECTION 1983

Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged acts and/or omissions related to the credit given to his current state sentence of imprisonment. Section 1983 "provides a federal cause

2

of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

As part of the relief sought in this action, plaintiff seeks release from imprisonment. Such relief, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). If plaintiff is entitled to any requested relief in this § 1983 action, he is entitled only to monetary relief. One cannot challenge the fact or duration of confinement or recover time credits in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Such matters lie within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."[2] *Id.* at 494.

## IV. *HECK* BAR

Because plaintiff seeks monetary relief for acts/omissions related to the proper crediting of his state sentence of incarceration for time served, the Court must determine whether *Heck* applies. In *Heck,* the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has

---

[2] The Court will not disregard plaintiff's request for monetary relief so as to construe the instant action as a petition for a writ of habeas corpus. Plaintiff, furthermore, has filed documents which clearly reflect that he is currently in the midst of exhausting his state remedies with respect to his claims for time credit. Were the Court to construe the instant action as a federal petition for writ of habeas corpus, it would be subject to summary dismissal for the failure to exhaust state remedies.

*not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Thus, courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). In addition, courts have extended the holding in *Heck* to claims seeking declaratory or injunctive relief as well as damages under 42 U.S.C. § 1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998).

*Heck* applies to claims involving time-credit issues related to the duration of a sentence of incarceration. *See Balisok*, 520 U.S. at 646-48 (holding that procedural due process claim related to the revocation of good-time credits in a prison disciplinary proceeding is not cognizable under § 1983 because success would "necessarily imply" the invalidity of continued imprisonment); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (holding that *Heck* bars claims of improper time-credit deprivations because such claims necessarily call into question the lawfulness of the inmate's continuing confinement, *i.e.*, it implicates the duration of the inmate's sentence). In view of *Heck*'s applicability to the claims raised in this action, plaintiff must demonstrate that the alleged improper calculation of his sentence has been reversed, invalidated, or expunged prior to bringing this action under § 1983.

Plaintiff has failed to make the requisite showing. In fact, his submissions show that he is currently pursuing relief through the state habeas process. Consequently, the Court finds that plaintiff's claims for monetary damages are not cognizable under § 1983 at this time. "If the Court were to grant damages . . . for the alleged improper sentence calculation, such ruling would necessarily call into question the duration of plaintiff's sentence." *See Horner v. Johnson*, No. 3:04-CV-0003-L, 2005 WL 26846, at *2 (N.D. Tex. Jan. 4, 2005) (Findings, Conclusions, and Recommendation of Magistrate Judge), *accepted by* 2005 WL 130131 (N.D. Tex. Jan. 20, 2005). Plaintiff's claims in this action are thus "legally frivolous" within the meaning of 28 U.S.C. § 1915. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule of *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated or otherwise called into question."). The Court should dismiss plaintiff's claims "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994) (upholding dismissal with prejudice); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (same). When a claim is not cognizable under § 1983 because of the rule espoused in *Heck*, the claim "should be dismissed." *Balisok*, 520 U.S. at 649.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** the instant action filed pursuant to 42 U.S.C. § 1983 with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

SIGNED this 29th day of March, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE