IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ABNER HAYNES, JR., # 1399433,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-96-L** |
| | § | |
| **DALLAS COUNTY COURT # 2, et. al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

This civil rights action under 42 U.S.C. § 1983 brought by incarcerated *pro se* Plaintiff Abner Haynes, Jr. ("Haynes") against Dallas County Court # 2 and others alleging that clerical errors have failed to credit him for time served.  Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation.  On March 29, 2007, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge were filed.  Haynes filed his objections titled "Motion to Object" on April 10, 2007, and also a Motion to Adjust Relief Request in 1983 Action on April 10, 2007.

After making an independent review of the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, that Haynes's complaint cannot proceed until such time as he satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), are correct. *Heck* bars Haynes's complaint until such time that he can prove that the alleged improper calculation of his sentence has been reversed, invalidated, expunged, or otherwise called into question.  *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Haynes's objections contend that his sentence

Order – Page 1

has been called into question, and he has attached an order from Dallas County Criminal District Court No. 2 in support of his contention. The criminal court's order, however, was issued in response to Haynes's state application for a writ of habeas corpus. It identifies issues requiring resolution and appoints a person to investigate Haynes's allegations and to prepare findings of fact and conclusions of law for the court. As such, the order does not, as Haynes believes, question the validity of this sentence calculations. It merely acknowledges the need to investigate Haynes's allegations. Accordingly, Haynes's objections are **overruled**.

Separately, Haynes filed a Motion to Adjust Relief Request in 1983 Action, seeking to drop his request for immediate release and to instead rely on his claims for monetary damages.[1] As the court determines that the magistrate judge's findings regarding Haynes's complaint are correct, they are **accepted** as those of the court. Accordingly, this case is hereby **dismissed** with prejudice as frivolous until such time as Haynes satisfies the conditions set forth in *Heck*;[2] and Haynes's Motion to Adjust Relief Request in 1983 Action is **denied as moot**.

---

[1]Plaintiff originally sought two forms of relief through his complaint: immediate release from custody, and monetary damages. The magistrate judge correctly noted through her findings, conclusions, and recommendation that Plaintiff cannot seek release from custody through this § 1983 complaint, because if the court were to construe his action as a petition for habeas corpus, it would be subject to summary dismissal for failure to exhaust state remedies. Instead, the magistrate judge's findings and conclusions relate only to Plaintiff's claim for monetary damages.

[2]The Fifth Circuit has stated that § 1983 claims barred by Heck should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); *accord Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

**Order – Page 2**

**It is so ordered** this 27th day of April, 2007.

Sam A. Lindsay
United States District Judge